IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **PATRICK GEAMES,** <br><br> Petitioner, <br><br> vs. <br><br> **UNITED STATES OF AMERICA,** <br><br> Respondent. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No.  2:09CV156 DAK |

This matter is before the court on Patrick Geames' pro se "Motion to Correct Judgement [sic] Pursuant to Federal Rule of Criminal Procedure Rule 36 and 18 U.S.C. § 3742(b)(1) and (e)(2)."[1] In his motion, Petitioner contends that this court erred in determining the correct criminal history category to be used by the court at sentencing.  This motion, however, does not pertain to a clerical error, and thus it is not properly brought as a motion under Rule 36 of the Federal Rules of Criminal Procedure.  Rather, this "motion" constitutes a challenge to the validity of Petitioner's sentence, and it is more properly construed as a petition under 28 U.S.C. § 2255.

Mr. Geames, however, has already challenged the legality of his sentence under § 2255, making essentially the same argument regarding the court's alleged err in determining his

---

[1] 18 U.S.C. § 3742, which pertains to appeal rights, is entirely inapplicable to the issue at hand.

1

criminal history category. On June 29, 2007, this court denied his earlier Petition, and Petitioner failed to appeal that ruling.

Petitioner's motion, while not styled as such, is a successive motion under 28 U.S.C. § 2255. 28 U.S.C. § 2244(b)(3)(A) mandates that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997). If a movant does not obtain leave from the appropriate court of appeals before filing his successive § 2255 petition, the district court lacks subject matter jurisdiction over the claim. *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002). The Tenth Circuit has held that "when a second or successive petition for habeas corpus relief under § 2254 or a § 2255 motion is filed in the district court without the required authorization by [the Tenth Circuit, the district court should transfer the petition or motion to this court in the interest of justice pursuant to [28 U.S.C.] § 1631." *Coleman*, 106 F.3d at 341.

The Tenth Circuit has recently explained that although "'§ 1631 contain[s] the word 'shall,' we have interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice.'" *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (quoting *Trujillo v. Williams,* 465 F.3d 1210, 1222-23 (10th Cir.2006)). "Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* (internal quotations and citation omitted).

In this case the court finds that it is not in the interest of justice to transfer this Petition because the Petition is time-barred and because the claims are not likely to have merit. A one-year statute of limitation applies to motions brought under § 2255. "The limitation period shall run from the later of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

Petitioner was re-sentenced on February 22, 2006, after the Tenth Circuit remanded the case for re-sentencing on a *Booker* issue. His judgment of conviction therefore became final thirty days later, on March 24, 2006. This petition was filed almost two years later, and thus it was filed well after the one-year statute of limitations. There has been no argument made that equitable tolling should apply, and the circumstances do no suggest that there is any reason to toll the limitations period.

Moreover, Petitioner failed to appeal the court's previous order denying his § 2255, which was based on the same argument that Petitioner makes in the instant Petition. It would, therefore, be futile to transfer this Petition to the Tenth Circuit.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED, and this case is now closed.

DATED this 26th day of February, 2009.

        BY THE COURT:

        _____
        DALE A. KIMBALL
        United States District Judge